1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Nancy Termini,                               )<br>                                              )<br>         Plaintiff,                          )<br>                                              )<br>vs.                                           )<br>                                              )<br>                                              )<br>Frontier Communications of America, Inc.)<br>(a/k/a Citizen's Communications)<br>Company); Marilyn Figueroa; Geraldine)<br>Miller; Dianna Thornton; Gail Tarson;)<br>Kelli Brice-Donlea; Denise Baumbach;)<br>Mohave County; City of Kingman; Lee F.)<br>Jantzen; Kenneth Upton,                       )<br>                                              )<br>         Defendants.                          )<br>                                              )<br>_____)  | No. CV 08-8042-PCT-JAT<br><br>**ORDER** |

Of the eleven defendants in this case, ten have moved to dismiss the complaint and one has answered. In the motion to dismiss filed by City of Kingman and Kenneth Upton ("City defendants"), those defendants alternatively move for a more definite statement. Without deciding the issues raised in the motions to dismiss, the Court finds the motion for more definite statement to be well taken.

Specifically, by way of example, the City defendants note that in the complaint in Counts I-VI and X, all defendants are alleged to have "wrongfully discharged" Plaintiff from employment. However, it is undisputed that Plaintiff was employed by only Frontier Communication of America. Therefore, the City defendants argue that it seems unlikely that Plaintiff is truly asserting a wrongful discharge claim against <u>all</u> defendants. *See* Doc. #46

at 2. The Court agrees. Moreover, even if the Court is mistaken, and Plaintiff indeed intends to claim that all defendants wrongfully discharged her, the lack of an obvious connection between each defendant and the claim only highlights why Plaintiff must put forth some factual basis to support her wrongful discharge claim as to each defendant.

By way of further example, the Mohave defendants argue that Plaintiff has failed to plead <u>facts</u> that would overcome prosecutorial immunity, and instead pleads a legal conclusion, claiming that Mr. Jantzen "engaged in investigative functions normally performed by police officers." Doc. #44 at 2. The Court agrees that this particular quote is a legal conclusion, and as discussed below, legal conclusions standing alone are not sufficient facts to state a claim.

Based on the foregoing, the Court will grant the motion for more definite statement. As stated above, the Court makes this decision without reaching the merits of any of the motions to dismiss because the Court finds the motion for more definite statement to be well taken. In granting this motion and ordering Plaintiff to file an amended complaint, the Court will not tell Plaintiff how to plead or what to plead to state a claim.[1] However, the Court will remind Plaintiff of the standard set forth by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

*Id.* at 1964-65.

The Court went on to say:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)

---

[1] The Court should not give a party advice because advice, "would undermine district judges' role as impartial decision makers." *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).
- 2 -

> (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. See 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

*Id.* at 1965 n.3.

Thus, Plaintiff must allege sufficient facts (and not legal conclusions) to state a claim against <u>each</u> defendant (not <u>all</u> defendants as a whole) as to each cause of action.[2] Further, to the extent Plaintiff has, for example, no facts to support a wrongful discharge claim against defendant Upton, defendant Upton should not be included as a defendant in the wrongful discharge claim.

Finally, the Court will deny the pending motions to dismiss as moot because an amended complaint will be filed based on the Court's granting of the motion for more definite statement. The Court deems this to be the most expeditious course because, had the Court reviewed and granted any of the motions to dismiss for failure to state a claim,[3] such an order would have been, de facto, nothing more that an order granting a more definite statement. This result occurs because, when Plaintiff has never amended her complaint once as a matter of right under Federal Rule of Civil Procedure 15(a), this Court must sua sponte give her such an opportunity before the Court can enter judgment of dismissal. Specifically, the Court of Appeals has held:

> Fed.R.Civ.P. 15(a) provides, *inter alia,* that "a party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ." We have stated that "'[a] motion to dismiss is not a "responsive pleading" within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of

---

[2] In other words, Plaintiff should not plead on the assumption that if she states sufficient facts to support a particular claim against any one defendant that such a pleading will be sufficient for that claim to survive against the other 10 defendants.

[3] The Mohave defendants never actually pick which provision of Rule 12 they are moving under, but in their standard of review they discuss the failure to state a claim legal standard.

- 3 -

dismissal denying leave to amend at that state is improper . . . .'" *Mayes*, 729 F.2d at 607 (quoting *Breier v. Northern California Bowling Proprietors' Association*, 316 F.2d 787, 789 (9th Cir. 1963)). If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency. *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).[4]

Accordingly,

IT IS ORDERED that the portion of Doc. #20 that is a motion for more definite statement is granted.

IT IS FURTHER ORDERED that by August 5, 2008, Plaintiff shall file an amended complaint with the specificity discussed herein.

IT IS FURTHER ORDERED that all defendants shall answer or otherwise respond to the to-be-filed amended complaint by August 26, 2008.

IT IS FURTHER ORDERED that the other pending motions to dismiss for failure to state a claim (Doc. #21, Doc. #47 and part of Doc. #20) are denied as moot.[5]

DATED this 16th day of July, 2008.

*[signature]*
James A. Teilborg
United States District Judge

---

[4] The Court notes that one defendant has answered, thus cutting off Plaintiff's ability to amend once as a matter of right with respect to that defendant. However, the Court cannot have multiple versions of the complaint operative against different defendants. Therefore, the to-be-filed amended complaint will be the sole controlling pleading, and the one answering defendant will be required to answer or otherwise respond to the amended complaint within the time lines set forth below, the same as all the other defendants.

[5] Although the Citizen Defendants claim to be moving in part under 12(b)(1) for lack of jurisdiction, the Court of Appeals has made clear that failure to file with the EEOC is not a jurisdictional bar. *Surrell v. California Water Service Co.*, 518 F.3d 1097, 1104-05 (9th Cir. 2008). However, Plaintiff is reminded in filing her amended complaint that the Court of Appeals has indicated that, if this is an employment case, Plaintiff must allege receipt of a right-to-sue letter absent some equitable consideration. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626-627 (9th Cir. 1988).