**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Nancy Termini, | ) | No. CV 08-8042-PCT-JAT |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Frontier Communications of America, Inc. | ) | |
| (a/k/a Citizen's Communications | ) | |
| Company); Marilyn Figueroa; Geraldine | ) | |
| Miller; Dianna Thornton; Gail Tarson; | ) | |
| Kelli Brice-Donlea; Denise Baumbach; | ) | |
| Mohave County; City of Kingman; Lee F. | ) | |
| Jantzen; Kenneth Upton, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Previously pending before this Court were motions to dismiss filed by every Defendant. The Court granted multiple extensions of time for Plaintiff to respond. In the last such extension, the Court ordered Plaintiff to respond by January 16, 2009. In this same order, the Court gave Defendants until February 17, 2009 to file a reply to Plaintiff's response. In granting Defendants this additional time, the Court assumed Plaintiff would respond on the merits to Defendants' motions. Instead, in her response filed January 9, 2009, Plaintiff agreed that all of the motions to dismiss should be granted. However, she conditioned this agreement on her own imbedded motion requesting that the Court deny both sides fees and costs.

1    Thus, Plaintiff did not file a substantive response to the motions.  As a result, the

2    Court disregarded the deadline to substantively reply previously given to Defendants.  Under

3    the civil local rules, Defendants had until January 29, 2009 to reply to Plaintiff's imbedded

4    motion to dismiss this case without awarding fees and costs to either party.  No defendant

5    replied within this deadline.  On February 6, 2009, the Court granted the motions, based on

6    Plaintiff's agreement that they should be granted, and granted Plaintiff's request that the

7    dismissal be without fees and cost to any party.

8    Now, Plaintiff moves to set aside the judgment arguing that she was relying that

9    Defendants had until February 17, 2009 to reply to her response.  First, as discussed above,

10   the Court disagrees with this time calculation.

11   Second, even if someone could assume that additional time would be allowed even

12   though Plaintiff did not file a substantive response, the only party who could rely on such an

13   assumption would be a Defendant who wished to challenge dismissal without fees and costs.

14   Plaintiff has no standing to object to the Court's time calculation because she was not entitled

15   to file anything further regarding the motions to dismiss.  Although Defendants would have

16   standing to object, no Defendant has objected to the Court's order and instead, Defendants

17   have opposed Plaintiff's motion to set aside the judgment.

18   Third, as the Mohave Defendants argue in their response, there are specific and

19   narrow bases to set aside a judgment under the Federal Rules of Civil Procedure, and

20   Plaintiff meets none of those bases.  Thus, for all of these reasons, Plaintiff's motion to set

21   aside the judgment will be denied.  Accordingly,

22   IT IS ORDERED denying Plaintiff's Motion to Set Aside Court's Order of February

23   6, 2009 (Doc. #91).

24   DATED this 23rd day of March, 2009.

25

26   _____

27   James A. Teilborg
     United States District Judge

28